UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NO. 4:21-CR -0111 |
| | ) | |
| RAPHAEL SAMUEL SMITH, et. al. | ) | |
| Defendant. | ) | |

## DEFENDANT'S PRELIMINARY MOTION TO SUPPRESS SEARCH WARRANT AND OTHER EVIDENCE

COMES NOW the Defendant, Raphael Smith (hereinafter "Smith"), by and through undersigned counsel, and pursuant to Fed. Crim. R 12(b)(3)(c) and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and hereby moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind – any physical evidence, alleged contraband, statements, identification, and testimony allegedly seized by law enforcement officers on or about June 10th, 2020.

As grounds therefore, Smith alleges that the search of his home and the seizure of items from it were improper, illegal, and without probable cause, in violation of Defendant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in the following particulars:

### I. Facts

1. In late 2019, the Chatham-Savannah Counter Narcotics Team (CNT) began an investigation of alleged sources of narcotics supply that included Pen Register Trap and Trace (PRTT) orders signed by Hon. Louisa Abbot of the Superior Court of Chatham County on co-defendants Eric L. Brown and Vernest Cleveland, among

1

others. Eventually, the investigation widened to include wiretaps of co-defendants Marquis Thomas and Japheth Orr.

2. Prior to June 10th, 2020, Raphael Smith was not known by law enforcement to be part of any current scheme to supply narcotics in Chatham County, and his name, number, or other identifying information didn't surface in monitored calls made by the co-defendants mentioned above.

3. At approximately 5:46 p.m., individual law enforcement officers of the CNT entered the premises belonging to Smith at 5611 LaRoche without a warrant, and forced Smith to get on the ground, handcuffed him, and detained him while searching around his property, including inside his vehicles, homes, and out-buildings.

4. Dogs were brought on the property to conduct open air sniffs on vehicles parked on the premises.

5. While handcuffed and not allowed to leave, Smith gave a statement, prior to law enforcement obtaining a warrant to search his property. He was kept there without being able to leave for three hours before there was a warrant.

6. Several hours later, at 8:44 p.m., at the request of Agent James Boger of the CNT, Judge Michael H. Barker of the Magistrate Court of Chatham County, State of Georgia, issued a Search Warrant #20-MS-001015 for the premises of 5611 LaRoche Ave., including several vehicles, telephones, electronic storage devices, paperwork, packaging materials, contraband and U.S. currency.

7. Subsequently the warrant was executed on the premises described above by members of the CNT.

8. Items alleged to be contraband, as well as several firearms, and U.S. currency were seized from the home and vehicles. Smith believes that said contraband, currency and firearms will be used against him at trial.

9. The detention of Smith and search of his property prior to the issuance of the search warrant was conducted illegally and without probable cause.

10. The search warrant was defective in the following particulars:

    1) The warrant was not supported by probable cause.

    2) The warrants were facially defective in that they were unconstitutionally over-broad and non-particularized. The affidavit/warrant failed to describe with particularity what items could be seized from the target location and further failed to limit the search and seizure of items to any particular time frame.

11. For the reasons stated herein, this Court should find the detention of Smith was illegal and lacked probable cause, any statements given by him were involuntary, and the warrants were invalid on their face and suppress the improperly obtained evidence from trial. Further, because the warrants were not supported by probable cause, failed to describe with particularity the items to be seized, and provided no nexus of illegal activity, the warrant was defective. All evidence seized, and any evidence obtained as a result, should be suppressed.

## II. Grounds for Suppression of Evidence

12. Warrantless searches, unapproved by any magistrate or judge, "are *per se* unreasonable under the Fourth Amendment – subject to only a few specifically established and well-delineated exceptions." <u>Katz v. United States</u>, 389 U.S. 347 (1967). One exception to this rule is when there exists exigent circumstances for law

enforcement to reasonably believe that evidence might be destroyed or removed before a warrant can be secured. <u>Kentucky v. King</u>, 563 U.S. 452 (2011). The warrantless entry of law enforcement onto Smith's property was done without the presence of any exigent circumstances to justify it. They observed no illegal conduct of Smith's and they had nothing but a mere suspicion to suggest that his premises contained any evidence or contraband, much less that someone was in the act of destroying it. In the process, they conducted a warrantless search of the premises. The warrantless entry of law enforcement onto Smith's property and search was therefore illegal.

13. Under the Fourth Amendment "no Warrants shall issue, but upon probable cause…" The warrant and affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause…" <u>Illinois v. Gates</u>, 462 U.S. 213, 239 (1983). Probable cause exists "'when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'" <u>United States v. Williams</u>, 162 Fed.Appx. 884 (11th Cir. 2006) quoting <u>United States v. Brundidge,</u> 170 F.3d 1350, 1352 (11th Cir. 1999). The Affidavit submitted by Ofc. Boger contained information that was directly obtained from the illegal search of Smith's premises. Evidence seized based on a search warrant that was obtained using information from an unlawful search should be excluded from evidence. <u>Wong Sun v. United States</u>, 371 U.S. 471, 487-488. (1963). Likewise, evidence seize from Smith's premises based on the Search Warrant must be excluded.

14. Furthermore, the warrants were also overly-broad and non-particularized as it sought the search for and seizure of The Fourth Amendment to the United States Constitution and requires that a search warrant particularly describe the article or articles to be seized. A description in a search warrant is sufficient and particular when "it enables the searcher to reasonably ascertain and identify the things authorized to be seized" and prevents "general, exploratory rummaging in a person's belongings." <u>United States v. Wuagneux</u>, 683 F.2d 1343, 1348-1349 (11th Cir. 1982). A search warrant is overbroad and unconstitutional when it fails to "sufficiently particularize" the place to be searched or "the things to be seized." <u>United States v. Travers,</u> 233 F.3d 1327, 1329 (11th Cir.1985). In this case, the warrant's so overbroad and non-particularized that law enforcement conducted a general exploratory rummage through the items at the location. Here, because the warrants failed to provide any specific guidelines for identifying and separating items sought from those outside the scope, the warrants encouraged a wholesale seizure of items- a constitutional violation. Therefore, all evidence, and any derivative evidence, should be suppressed from evidence at trial.

16. It is well known that the presence of both custody and interrogation (be it words or actions) creates compulsion and the only way to combat that compulsion is to give the *Miranda* warnings AND obtain a valid waiver. <u>*Miranda v. Arizona*</u>, 384 U.S. 436 (1966). Additionally, a defendant must **knowingly and voluntarily** give up his constitutional right to remain silent. <u>Oregon v. Elstad</u>, 470 U.S. 298, 309 (1985) (emphasis added). Agent Minton compelled Smith to give several statements after his arrest. Movant's statements were not freely and voluntarily given; thus, his statements should be suppressed.

WHEREFORE, Smith respectfully requests:

1). That this Court grant an evidentiary hearing and suppress the improperly obtained evidence against him in this case;

2). That this Court conduct a hearing pursuant to *Jackson v. Denno* and suppress improperly obtained statements against him.

This 26th day of January 2022.

                        Respectfully submitted,

                        /S/ Bruce Harvey_____
                        LAW OFFICES OF BRUCE S. HARVEY
                        ATTORNEYS FOR DEFENDANT
                        Bruce S. Harvey, #335175
                        bruce@bharveylawfirm.com
                        Jamie Roberts, #608590
                        jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NO. 4:21-CR-0111 |
| ) | |
| RAPHAEL SAMUEL SMITH, et. al. ) | |
|    Defendant. ) | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Defendant's Preliminary Motion To Suppress Warrant and Other Evidence* on opposing counsel by facsimile transmission, electronic delivery, by hand delivery, or by depositing a copy of the same in the United States Mail with sufficient postage thereon, addressed as follows:

        Frank Pennington, AUSA
        22 Barnard St., Suite 300
        Savannah, Georgia 31401

This 26th day of January 2022.

        Respectfully submitted,


        /S/ Bruce Harvey_____
        LAW OFFICES OF BRUCE S. HARVEY
        ATTORNEYS FOR DEFENDANT
        Bruce S. Harvey, #335175
        bruce@bharveylawfirm.com
        Jamie Roberts, #608590
        jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax