UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | INDICTMENT NO. 4:21-CR-0111 |
| | ) | |
| RAPHAEL SAMUEL SMITH, et. al. | ) | |
|     Defendant. | ) | |

## DEFENDANT'S FIRST PARTICULARIZED MOTION TO SUPPRESS SEARCH OF CELL PHONES

COMES NOW the Defendant Raphael S. Smith (hereafter "Smith"), by and through counsel, and pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, files this his first particularized Motion to Suppress Search Of Cell Phones, and moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind relating to the State's search of Smith's cellphones, and reserves the right to supplement this motion.

As grounds therefore, Smith alleges that the search of his cell phones and the seizure of items of data and information from them were improper, illegal, and without probable cause, in violation of Movant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, following particulars:

### I.  Facts

1. In 2019, the Chatham-Savannah Counter Narcotics Team (CNT) began an investigation of alleged sources of narcotics supply that included Pen Register Trap and Trace (PRTT) orders signed by Hon. Louisa Abbot of the Superior Court of Chatham County on co-defendants Eric L. Brown and Vernest Cleveland, among others. Eventually, the investigation widened to include wiretaps of co-defendants Marquis Thomas and Japheth Orr.

2. Prior to June 10th, 2020, Raphael Smith was not known by law enforcement to be part of any current scheme to supply narcotics in Chatham County, and his name, number, or other identifying information didn't surface in monitored calls made by the co-defendants mentioned above.

3. At approximately 5:46 p.m., individual law enforcement officers of the CNT entered the premises belonging to Smith at 5611 LaRoche without a warrant, and forced Smith to get on the ground, handcuffed him, and detained him while searching around his property, including inside his vehicles, homes, and out-buildings.

4. Agents of the CNT seized various items from Smith's premises, including the three cell phones described above.

5. Seven days later, Judge Mary K Moss of the Magistrate Court of Chatham County, State of Georgia, issued a Search Warrant #20-MS-001018 for the cell phones listed above

6. Subsequently the warrant was executed on the cell phones described above by members of the CNT.

7. Three cell phones belonging to Smith were seized during the execution of the search warrant. They were a black Samsung Galaxy J-2 touch screen cell phone, serial number RF8N202XVKB;IMEI:353689109239262; a second black Samsung Galaxy J-2 touch-screen cell phone, serial number RF8N202XVRW;IMEI:353689109239320; and a blue Galaxy S9+ touch-screen cell phone, Model: SM-G965U; serial number R28K40HPENK;IMEI:354645091450167.

8. The search warrant was defective in the following particulars:

1) The Warrants fail to describe a nexus of illegal activity to the records sought to be searched.

2) The Warrants lack probable cause for each category of information the State wants to search.

3) The Warrants fail to particularly describe the places and content to be searched and fails to put any restriction on the timeframe for the records to be searched.

4) The Warrants are unreasonably overbroad and amount to an illegal general warrant.

5) The Warrant was made almost two months following the events for which it is based and was stale.

9. For the reasons stated herein, this Court should find the warrants were invalid on their face and suppress the improperly obtained evidence from trial. Further, because the warrants were not supported by probable cause, failed to describe with particularity the items to be seized, and provided no nexus of illegal activity, the warrant was defective. All evidence seized, and any evidence obtained as a result, should be suppressed.

## II. Argument

10. For a search warrant to be reasonable, there must be a nexus between the evidence, fruits, or instrumentalities of a crime that law enforcement are searching for and the property they want to search to find them. _Zurcher v. Stanford Daily_, 436 U.S. 547, 556 (1978). The Government in this investigation intercepted calls made by Smith through a Title III wiretap. There is nothing further that the Government can

find in Smith's cell phones that they either have already or cannot get through an administrative subpoena of his social media accounts. Therefore, there's no nexus between the evidence, fruits, or instrumentalities of the conspiracy and his three cell phones described in the warrant.

11. The search of a cell phone "…would typically expose to the government far *more* than the most exhaustive search of a house." *Riley v. California*, 573 U.S. 373, 396 (2014). The Fourth Amendment requires law enforcement to get a warrant to search the contents of a cellphone seized incident to an arrest. *Riley*, 573 U.S. at 403. As cell phones contain "a digital record of nearly every aspect of [the owners'] lives- from the mundane to the intimate," a much more pervasive scrutiny of one's life is implicated than a search of a physical premises. *Id* at 395. Furthermore, the types of data stored on a cell phone are different both in terms of quantity and quality from the kinds of physical data stored in someone's household and separate probable cause is required for each category of data to be searched. *Id*. The Affidavit for this Warrant fails to describe the probable cause for each of the separate listed categories of data to be searched. Without such a probable cause showing, the Warrant must fail, and any evidence seized as a result suppressed.

12. The Government took a shotgun approach to drafting the Search Warrant for Movant's cellphone as it describes several categories of data to be searched meant to capture potentially all the information available in the phones limited only by the date it was manufactured. The exact language for the scope of the Warrant is the same for each one and reads:

> "…any Subscriber Information, call logs, SMS text messages, MMS messages, photographs/pictures, third party applications, stored

> location date, browser history, and contacts lists for the above listed cellular phones."

The privacy implications that arise from "…GPS information, the time-stamped data" as well as the "…retrospective quality of the data" are unprecedented in our history and led the U.S. Supreme Court to require a warrant supported by probable cause to obtain cell site location information from wireless carriers. *Carpenter v. U.S.*, 138 S. Ct. 2206, 2217 (2018). The lack of a time limitation on the Warrant for the cellphone in this case, which contains such time-stamped data that allows the State the kind of "tireless and absolute surveillance" discussed in *Carpenter* which only enhance the Warrant's general character, is an unreasonable intrusion into Morrissette's privacy. This Warrant fails to articulate any probable cause for the open-ended and unlimited timespan for the search and is a per se unreasonable intrusion into his privacy and any information obtained as a result must be suppressed.

13. The architects of the U.S. Constitution included the Fourth Amendment in part to stop the kind of general warrants that allowed British officials to rummage through one's home and belongings without restraint. *Carpenter*, 138 S. Ct. at 2213. "A general order to explore and rummage through a person's belongings is not permitted. The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized" *U.S. v. Cook*, 657 F.2d 730, 733 (5th Cir. 1981); see also *U.S. v. Morton*, 984 F.3d 421 (5th Cir. 2021). This Search Warrant allows the State to rummage through the entirety of the vast trove of data contained in Morrissette's cell phone without restraint to find something, anything, which connects him to illegal activity and are invalid on their face.

14. Under the Fourth Amendment "no Warrants shall issue, but upon probable cause…" The warrant and affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause…" <u>Illinois v. Gates</u>, 462 U.S. 213, 239 (1983). Probable cause exists "'when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'" <u>United States v. Williams</u>, 162 Fed.Appx. 884 (11th Cir. 2006) quoting <u>United States v. Brundidge,</u> 170 F.3d 1350, 1352 (11th Cir. 1999). The Affidavit submitted by Cpl. Laney contained information that was directly obtained from the illegal search of Morrissette's vehicle, based on an arrest that was unlawful. Evidence seized based on a search warrant that was obtained using information from an unlawful search should be excluded from evidence. <u>Wong Sun v. United States</u>, 371 U.S. 471, 487-488. (1963). Likewise, evidence seize from Morrissette's cell phone based on the Search Warrant must be excluded.

WHEREFORE, Movant respectfully requests that this Court grant an evidentiary hearing and suppress the improperly obtained evidence against him in this case.

    This 15th day of February 2022.

                              Respectfully submitted,

                              /S/ Bruce Harvey_____
                              LAW OFFICES OF BRUCE S. HARVEY
                              ATTORNEYS FOR DEFENDANT
                              Bruce S. Harvey, #335175
                              bruce@bharveylawfirm.com
                              Jamie Roberts, #608590
                              jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NO. 4:21-CR-0111 |
| ) | |
| RAPHAEL SAMUEL SMITH, et. al. ) | |
|     Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing *Defendant's First Particularized Motion To Suppress Search of Cell Phones* pleading upon opposing counsel by e-mail, electronic filing, facsimile transmission, hand delivery, or by depositing a copy of same in the United States Mail with sufficient postage attached thereon, addressed as follows:

> Frank Pennington, AUSA
> 22 Barnard St., Suite 300
> Savannah, Georgia 31401

This 15th day of February 2022.

                      Respectfully submitted,

                      /S/ Bruce Harvey_____
                      LAW OFFICES OF BRUCE S. HARVEY
                      ATTORNEYS FOR DEFENDANT
                      Bruce S. Harvey, #335175
                      bruce@bharveylawfirm.com
                      Jamie Roberts, #608590
                      jamie@bharveylawfirm.com

146 Nassau Street, NW
Atlanta, GA 30303
404-659-4628
404-681-3953 (fax)