## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CR421-111-06 |
| RAPHAEL SAMUEL SMITH, | ) ) | |
| Defendant. | ) | |

## <u>ORDER</u>

The Court first scheduled an evidentiary hearing on Defendant Raphael Samuel Smith's Motions to Suppress for May 23, 2022.  Doc. 492. Defendant, through his counsel, moved to continue that hearing to obtain "additional time to prepare for the Evidentiary hearing."  Doc. 495 at 1. He sought to continue the hearing for three months, in part because he had "numerous trial calendars scheduled on May 23, 2022" and a "Motion hearing" on May 23, 2022 in Greene County Superior Court.  *Id.* at 2. The Court granted the motion, doc. 499, and reset the hearing for August 16, 2022, doc. 497.

On August 10, 2022, the Government filed a consent motion to continue the hearing scheduled for August 16, 2022.  Doc. 570.  In the motion, in addition to explaining the assigned Assistant United States

Attorney's conflict, the Government explained that counsel for Smith "informed the Government that he is currently involved in a jury trial in state court in DeKalb County, Georgia" and "may also be unavailable for the hearing on the motion to suppress on August 16, 2022." *Id.* at 1-2. The Court granted the motion, doc. 575, and reset the hearing for October 7, 2022, doc. 576.

On October 7, 2022, Defendant, through his counsel, filed another motion to continue the evidentiary hearing, explaining counsel was "ill with flu-like symptoms." Doc. 623 at 1. The Court granted the motion, doc. 624, and reset the hearing for October 28, 2022, doc. 624. On October 24, 2022, Defendant, through counsel, filed another motion to continue the evidentiary hearing because counsel tested positive for COVID. Doc. 633. The Court granted the motion, doc. 640, and reset the hearing for December 2, 2022, doc. 641.

On November 30, 2022, Defendant, through counsel, filed another motion to continue the evidentiary hearing, explaining counsel "is lead counsel for the Defendant in *State of Georgia v. Keenan Robinson* . . . which was scheduled for Trial before Judge Duncan in the Gwinnett County Superior Court on Monday, November 28, 2022[,]" and that "the

2

Case 4:21-cr-00111-RSB-CLR   Document 699   Filed 01/12/23   Page 3 of 5

trial is anticipated to last two weeks." Doc. 664 at 1. The Court granted the motion, doc. 666, and reset the hearing for January 6, 2023, doc. 667.

On January 5, 2023, Defendant, through counsel, filed yet another motion to continue the hearing. Doc. 690. This time, counsel explained he "is lead counsel for the Defendant in *State of Georgia v. Quamarvious Nichols* . . . which was scheduled for Trial on January 4, 2023, at 9:00 a.m., before Judge Glanville, in the Fulton County Superior Court," and that "[t]he trial is anticipated to last 3-5 months." *Id.* at 1. Despite filing the motion to continue the day before the hearing, the documentation attached to the continuance request shows that the *Nichols* trial had been set since November 22, 2022. *See* doc. 690-1. Despite the Court's frustration with the late request, the motion was granted so as to not prejudice the defendant, Raphael Smith. *See* doc. 692. The evidentiary hearing is currently set for March 3, 2023, nine months after the defendant's motions to suppress were first set down for a hearing. *See* doc. 693.

Under the Sixth Amendment to the United States Constitution, Smith is entitled to have "both a fair opportunity to be represented by counsel of his own choice and sufficient time within which to prepare a

defense." *United States v. Zangwill*, 197 F. App'x 888, 891 (11th Cir. 2006) (quoting *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005), *abrogated on other grounds as recognized by United States v. Hood*, 846 F. App'x 825, 826 (11th Cir. 2021)).  But not every request justifies a continuance.  Instead, the Court must strike a "delicate balance between the defendant's right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice." *Zangwill*, 197 F. App'x at 891 (quoting *Baker*, 432 F.3d at 1248). "Indeed, in light of the myriad scheduling burdens that a court faces in 'assembling the witnesses, lawyers, and jurors at the same place at the same time,' the Supreme Court has counselled that 'broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel.'" *Id.* (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)); *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (recognizing the trial court's "wide latitude" in balancing the right to counsel of choice against the needs of fairness and the demands of its own calendar).

The Court recites the above procedural history to show that it has rearranged its schedule to accommodate every request for a continuance made related to the evidentiary hearing on defendant's motions, even those requests made less than 24 hours in advance.  Smith has been afforded his opportunity to be represented by counsel of his choosing and a sufficient time within which to prepare for the evidentiary hearing on his motions to suppress.  *Zangwill*, 197 F. App'x at 891.  Now, the Court must focus on the "efficient administration of justice."  *Id.*  The hearing is currently scheduled for March 3, 2023.  Doc. 693.  That affords Smith and his counsel an additional 50 days, on top of the 285 days that have already elapsed since the motions were first set down for a hearing, to prepare.  The motion hearing **will not be continued** absent truly extraordinary circumstances.  Defendant's counsel is advised to make the necessary arrangements with his own schedule; the Court will be disinclined to consider any motions for a continuance based on a conflict from another proceeding.

SO ORDERED, this 12th day of January, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5